UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

vs.                                                             CRIMINAL ACTION NO. 3:20-CR-86-RGJ
                                                                                  Electronically Filed

KEITH HUNTER                                                                              DEFENDANT

## PROTECTIVE ORDER

THIS MATTER is before the Court on the motion of the United States of America for a protective order. [DE 13]. The Defendant does not object. [DE 17]. The Court finds that good cause exists pursuant to Rule 16(d) to restrict the discovery materials as set forth below. Thus, IT IS ORDERED, that the motion [DE 13] is GRANTED as follows:

1.     The government will produce discovery materials in this case that contain, among other things, individually identifiable information and private financial information, as well as confidential tax returns and taxpayer return information, within the meaning of Title 26, United States Code, Section 6103(b).  Disclosure of such tax return and taxpayer return information is governed by Title 26, United States Code, Section 6103(a), which mandates that return and return information will be confidential except as authorized by Section 6103.  Section 6103(h)(4)(D) permits disclosure to the defense of such tax return and taxpayer return information in accord with Rule 16 of the Federal Rules of Criminal Procedure, but further disclosure of this tax return and tax return information by defendant or defense counsel is restricted by Section 6103.

2.     The discovery materials will also include information which is governed by Rule 6(e) of the Federal Rules of Criminal Procedure.

3. Defendant's counsel and defendant will keep all materials produced by the government in a secure place to which no person who does not have reason to know their contents has access.

4. The materials produced by the government may be used by the defendant, defendant's counsel and any employees or agents of defendant's counsel solely in the defense of this case.

5. Defendant's counsel and defendant will not disclose the tax return information or other private information contained in the discovery material directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

6. The discovery material produced by the government will not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.

7. When providing the discovery materials to an authorized person, the defendant's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order.

8. Defendant's counsel will inform the defendant of the provisions of this Protective Order, and direct them not to disclose or use any information contained in the government's discovery in violation of this Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of

any provision hereof.