UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
22 JUN 23 PM 12:55

UNITED STATES OF AMERICA

v.  3:20-cr-86-BJB

KEITH B. HUNTER

## JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain legal elements, or issues that you must address to decide whether to convict the Defendant for the offense he is accused of committing. Then I will pause, and you will hear closing arguments from the lawyers, but those do not bind you, like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

## I. DUTIES OF THE JURY

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in the court. It is your job—not mine—to decide what the facts are. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found and decide whether the government has proved the Defendant guilty beyond a reasonable doubt. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict—regardless of the consequences.

1

You are to consider only the evidence in the case. Unless I instruct you otherwise, the evidence in this case consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who produced them), and all facts and events that may have been admitted or stipulated to.

During the trial you have seen or heard summary evidence in the form of charts, testimony, or similar material. This was admitted into evidence, in addition to the material it summarized, because it may assist you in understanding the evidence. But the summary itself is not itself evidence of the material it summarized, and is only as valid and reliable as the underlying material.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. Your job is to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crime charged in the indictment. An indictment is not evidence; it is just the formal way that the Government tells a defendant what crime he is accused of committing.

The law presumes that all defendants are innocent. This Defendant, like all

2

defendants, starts this trial with a clean slate, and without any evidence at all against him. It is not up to him to prove that he is innocent; it is up to the Government to present evidence that overcomes this presumption.

The United States has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence or the lack of evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of the crime beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element of the crime beyond a reasonable doubt, then return a not guilty verdict.

### Defendant's Testimony

You have heard the Defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the Defendant's testimony.

### Other Acts of the Defendant

You have heard testimony that the Defendant committed acts other than the ones charged in the indictment. If you find the Defendant did those things, you may consider the evidence only as it relates to the Defendant's intent or knowledge. You must not consider it for any other purpose.

Remember that the Defendant is on trial here only for evasion of tax payment, not for those other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

### Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## II. <u>RULES OF LAW</u>

### Evasion of Payment of Tax

The Defendant is on trial only for the particular crime charged in the indictment: evasion of the payment of the federal income tax. Your job is limited to deciding whether the government has proved the crime charged.

The indictment charges the Defendant with evasion of payment of tax in violation of federal law. For you to find the Defendant committed evasion of payment of tax, you would have to find that the government has proved each of the following three elements beyond a reasonable doubt:

*First*, the Defendant had a federal income tax deficiency;

*Second*, the Defendant made an affirmative attempt to evade or defeat the payment of the income tax; and

*Third*, the Defendant acted willfully.

### 1. Tax Deficiency

With regard to the first element—a tax deficiency—the government must prove beyond a reasonable doubt that the Defendant had a tax deficiency due and owing—that is, that the Defendant owed federal income tax.

The government does not have to prove the exact amount that the Defendant owed or the Defendant evaded all of the taxes charged in the indictment. The government is required to establish only that the Defendant had a tax deficiency.

### 2. Affirmative Attempt to Evade or Defeat

The second element that the government must prove beyond a reasonable doubt is that the Defendant made an affirmative attempt to evade or defeat a tax. The phrase "attempt to evade or defeat any tax" involves two things: first, the formation of an intent to evade or defeat a tax; and, second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The government must first prove beyond a reasonable doubt the Defendant knew and understood he had a tax deficiency. The government then must prove beyond a reasonable doubt that the Defendant intended to evade or defeat the tax due and that the Defendant also willfully did some affirmative act to try to accomplish this intent to evade or defeat that tax.

An affirmative act is an act done to conceal assets to avoid the payment of a tax. In this case, the government alleges in the indictment that the Defendant committed the affirmative acts of concealing assets by storing personal assets in a

4

client escrow account; by storing personal assets in a nominee bank account; by purchasing his home through a nominee, ostensibly as part of a charitable donation; by recycling cashier's checks and bonds, that is, engaging in a cycle of purchasing a cashier's check or bond, using a small portion of the cashier's check or bond, then purchasing another cashier's check or bond of lesser value; and by intentionally providing false and misleading information regarding his assets and income during the course of an Internal Revenue Service civil proceeding regarding his tax liability. Even otherwise lawful or innocent conduct may constitute an affirmative act if you find that the Defendant acted with intent to conceal assets. An act likely to conceal funds satisfies this element.

Although the superseding indictment charges that the statute was violated by a number of affirmative acts that are connected by the word "and," the government needs only to prove one act to satisfy this element of the offense. You must unanimously agree on which act was or acts were committed.

### 3. Willfulness

The third element the government must prove beyond a reasonable doubt is that the Defendant acted willfully. "Willfully" means a voluntary and intentional violation of a known legal duty. The Defendant's conduct was not willful if he acted through negligence, mistake, accident, or due to a good-faith misunderstanding of the requirements of the law. A good faith belief is one that is honestly and genuinely held.

Mere disagreement with the law or belief that the tax laws are unconstitutional or otherwise invalid, however, does not constitute a good faith misunderstanding of the requirements of the law; all persons have a duty to obey the law whether or not they agree with it.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

### Statute of Limitations

In order to find the Defendant guilty of tax evasion, the government must prove beyond a reasonable doubt that, on or after September 16, 2014, the Defendant committed an affirmative act constituting an attempt to evade or defeat the payment of a tax that was still collectible by the Internal Revenue Service at the time of the

affirmative act. Although the government alleges the Defendant committed five types of affirmative acts of evasion listed above, it alleges that only two occurred on or after September 16, 2014: (1) storing personal assets in a client escrow account and (2) recycling cashier's checks and bonds. To find the Defendant guilty, you must agree that he committed either or both of these acts on or after September 16, 2014.

## Willful Failure to Pay Tax

If you find the Defendant not guilty of evasion of payment of tax, or if after making every reasonable effort to reach a unanimous verdict on that charge you find that you cannot agree, then you must go on to consider whether the government has proved the lesser charge of willful failure to pay tax.

For you to find the Defendant guilty of this offense, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, the Defendant had a duty to pay a tax;

*Second*, the tax was not paid after it became due; and

*Third*, the failure to pay was willful.

## Statute of Limitations

In order to find the Defendant guilty of willful failure to pay tax, the government must prove beyond a reasonable doubt that the Defendant willfully failed to pay the tax obligation on or after September 16, 2014.

## III. JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in the courtroom.

Please take the instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form, write the date, and sign the verdict form on behalf of the jury.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial, but you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement, if you possibly can at least do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

Your verdict or answer to any question must be unanimous. All twelve members of the jury must agree on every answer to the questions and on the verdict.

If you decide that the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden.

The verdict form below has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, fill it out according to the jury's decision. You will then tell the officer and return with your verdict to the courtroom. All twelve of you must unanimously agree on the verdict.

8