UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,
                             Plaintiff,

Vs.

KEITH B. HUNTER,                                         No. 3:20-CR-86-BJB

                             Defendant.

## OBJECTION TO PRESENTENCE INVESTIGATION REPORT

Comes Keith Hunter, by counsel, and makes the following objection to his Presentence Investigation Report (PSR):

The PSR errs in giving Hunter's offense a two-level enhancement under USSG §2T1.1.(b)(2) alleging that it "involved a sophisticated means". Hunter's objection is two-fold. First, the PSR sights three characteristics of the offense to justify the enhancement when only one of those three occurred within the statute of limitations. In essence, the PSR would punish Hunter for acts he could not be convicted of. More specifically, the PSR claims that the sophisticated means used by Hunter were: 1) use of a nominee bank account; 2) purchase of his home through a nominee; and 3) recycled cashier's checks and bonds. Only the latter occurred within the statute of limitations. *See* Jury Instructions on Statute of Limitations. [1]

Second, the use of recycled cashier's checks and bonds (assuming that is the conduct on which the jury unanimously relied in reaching a conviction) is not "sophisticated". Hunter's use

---

[1] ¶11 of the PSR misstates that "[O]n January 7, 2011 [Hunter] opened a client escrow account with PNC Bank, labeled Attorney at Law Escrow Account". Hunter did no such thing. The account was not a "client escrow account".

(or recycling) of cashier's checks was no different the using cash but with larger denominations. In sum, there is nothing "especially complex or especially intricate" about using cashier's checks. *See Note 5,* U.S.S.G. §2T1.1(b)(2). The use of cashier's checks does not display a greater level of planning or concealment than the usual tax evasion case. *United States v. Kontny*, 238 F.3d 815, 821 (7th Cir. 2001). The Court should decline an enhancement for use of a "sophisticated means" means. [2]

Hunter also objects to including as "tax loss" those taxes that the Internal Revenue Service considers "written off". That is, Hunter's tax loss should consider only those taxes that the Internal Revenue Service considered collectible at the time of his indictment.

Respectfully submitted,

*/s/Stephen B. Pence*
Stephen B. Pence
PenceLegal, PLLC
2527 Nelson Miller Pkwy., Ste. 207
Louisville, KY 40223
(502) 736-6200
steve@pencelegal.com

*Attorney for Defendant Keith B. Hunter*

---

[2] Nor should the Court consider the nominee bank account or the purchase of his home through a nominee as relevant conduct under USSG §1B1.3. Those two events are not relevant to either of the two acts which allegedly formed the basis of his conviction. That is, neither the nominee bank account nor the purchase of his home through a non-profit are relevant to his use of a "client escrow account" or the recycling of cashier's checks which were used to form the basis of his conviction.

## **CERTIFICATE OF SERVICE**

  I certify that, on September 2, 2022, I electronically filed this document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Acting United States Attorney Michael Bennett
AUSA Amanda Gregory

                */s/ Stephen B. Pence*
                Stephen B. Pence