UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                                  Plaintiff,<br>Vs.<br>KEITH B. HUNTER,<br>                                  Defendant. | No. 3:20-CR-86-BJB |

**DEFENDANT'S SENTENCING MEMORANDUM**

"Under pre-guidelines practice, roughly half of all tax evaders were sentenced to probation without imprisonment, while the other half received sentences that required them to serve an average prison term of twelve months. This guideline is intended to reduce disparity in sentencing for tax offenses and to <u>somewhat increase</u> the average sentence length." USSG 2T1.1, *Sentencing Commission's Background Commentary*. (Emphasis added).

Keith B. Hunter, through counsel, respectfully submits this sentencing memorandum in anticipation of his October 18, 2022, scheduled sentencing date. Hunter was a successful attorney in Louisville, Kentucky for over thirty years in both public and private practice. By all accounts he performed his craft very well. In fact, during his trial the government called one of his clients as a witness and that client testified about the talented work performed by Hunter, and how Hunter's diligence and dedication to his case transformed the client's life. For Hunter's legal services, the client was very grateful. However, it was the fee earned by Hunter in that case that is much the genesis of Hunter's tax problem. While Hunter, through his CPA, filed his tax returns – he did not pay the taxes due on those returns. And the jury found that his non-payment was willful.

1

Hunter's felony conviction has ended his legal career. After thirty years of practicing law, he now has a net worth of under $50,000 and owes the Internal Revenue Service over $1.2 million dollars. The issue now before the court is what more should be done to punish Hunter.

## SENTENCING CONSIDERATIONS

### A.  Sentencing Guidelines.

The Sentencing Guidelines are advisory and only one factor to be considered when determining an appropriate sentence. Since *Gall v. United States*, 552 U.S. 38, 50 (2007), Guidelines are no longer presumed reasonable; federal sentencing is based on individualized assessments; "extraordinary circumstances" are no longer required to justify a sentence outside the Guidelines' advisory range; and rigid mathematical formulas to determine whether a variance from the Guidelines' sentencing range is justified and discouraged. *Id.* at 47. Indeed, district courts have "broad discretion to impose a non-guideline sentence by weighing the § 3553(a) factors" and tailor a sentence to fit the circumstances of the case. *United States v. Booker*, 543 U.S. 220, 245 (2005).

Although the Presentence Report (PSR) calculated an offense level of 22 under the Sentencing Guidelines, Hunter objects to that calculation because it gives a two-level enhancement for use of a "sophisticated means" and includes penalties and interests. Those objections were noticed to the United States Probation Office. Hunters use of cashier checks was not "sophisticated" — in fact, it was like using cash. It certainly was no "unusually sophisticated.[1]  (While cashier checks may have made collection of Hunter's funds by the IRS more difficult, it did not decrease the likelihood of detection of those funds, which were reported

---

[1] The Committee's commentary to §2T1.1(b)(2) addressed the "sophisticated means" enhancement and acknowledged that "tax offenses always involve some planning, <u>unusually sophisticated</u> efforts to conceal the offense decreases the likelihood of detection and therefore warrant an additional sanction for deterrence purposes". (Emphasis added).

on his returns). The other sophisticated means cited in the PSR were not only not unusually sophisticated but were also outside the statute of limitations. Hunter also objected to including in the amount of loss penalties and interest and amounts that were "written off" by the IRS which would lower the loss to less than $550,000 under §2T4.1(H) of the Sentencing Guidelines and yield a further two-level reduction in his offense level. In total, Hunter's objections would place his offense level at 18 rather than 22, which recommends a sentence of imprisonment from 27 to 33 months.

### B.  18 U.S.C. 3553(a).

The court should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2(a)Two of the seven factors delineated in 18 U.S.C 3553(a) which address factors outside the guidelines are particularly relevant to Hunter's sentence.

> (1) The nature and circumstances of the offense and history and characteristics of the defendant.

Hunter's single offense was failure to pay his taxes. He has no criminal history. He did file his tax returns. It was conceded at trial that Hunter, through his CPA, attempted to negotiate the settlement and payment of his tax liability, albeit, according to the IRS, that offer occurred after their criminal investigation had begun. These factors do not warrant a sentence of incarceration recommended by the guidelines which would treat Hunter the same as an offender who embezzled or committed larceny. (*See* §2B1.1). Rather, at most, Hunter's conduct suggests a pre-guideline sentence.

> (2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed training or services.

Only the first of these factors apply here. That is, what sentence reflects the seriousness of the offense, promotes respect for the law and provides just punishment? (Hunter is not threat to the public or in need of training or other services). It seems clear that Hunter is not likely to commit such an offense again nor does he pose a threat to the public. And after the experience of being indicted, arrested, perp-walked and tried and convicted before a jury, all of which was reported widely in the media, it is already clear that the offense is serious and that the tax laws are to be respected.[2] So the court must determine what more is needed to provide for "just punishment". More specifically, how long should be incarcerated for this single tax offense.

A more appropriate sentence for Hunter would occur well below that recommended by the advisory guidelines. This is especially so since Hunter did in fact file his taxes and some collections were made on those taxes. His conduct of "evasion" was in not paying the tax. He was not charged with hiding his income nor failing to report his income on his tax returns. This makes his conduct dissimilar and less egregious than those cases of tax evasion where the taxpayer evades taxes by failing to file or claim all his income.

Unlike most others convicted of tax evasion, Hunter has permanently lost his profession. Whether factored in or acknowledged by the guidelines or not, Hunter will never return to the profession which he practiced honorably for over three decades. His means of support has been taken away. His law license will never be returned.

---

[2] It was demonstrated at trial that the arrest of Hunter in the morning hours at his home was completely unnecessary. Hunter is a resident of Jefferson County and maintained his professional practice here for many years. Through his attorney, he had cooperated with the U.S. Attorney's Office and the I.R.S. during the investigation. If given the opportunity, he would have voluntarily surrendered as most white-collar offenders are allowed to do. Instead, he was arrested at this home in the morning hours, hand-cuffed, and escorted by multiple law enforcement officers to awaiting police cars with blue lights blazing. All in front of his neighbors. The humiliation was intended.

### C. Hunter's Health

Hunter also asks the Court to consider his heath circumstances and he fully described during his testimony and address a ¶ 45 in the PSR. Hunter's heart condition is an impairment that will be exacerbated by incarceration and a departure under §5H.1.4 is warranted.

### CONCLUSION

The court should not follow the PSR guideline recommendation. A sentence to incarceration of 41 to 51 months is far more than the Commission's intent to "somewhat increase" the average sentence length of twelve (12) months.

Respectfully submitted,

*/s/Stephen B. Pence*
Stephen B. Pence
Pence Legal, PLLC
2527 Nelson Miller Pkwy., Ste. 207
Louisville, KY 40223
(502) 736-6200
steve@pencelegal.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that, on October 11, 2022, I electronically filed this document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Acting United States Attorney Michael Bennett
AUSA Amanda Gregory

*/s/ Stephen B. Pence*

Stephen B. Pence