FILED
JAMES J. VILT, JR. - CLERK

FEB - 7 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
for the WESTERN DISTRICT OF KENTUCKY
at LOUISVILLE

UNITED STATES OF AMERICA,
    PLAINTIFF

v.                     Case No. 3:20 CR 86-1-BJB

KEITH B. HUNTER,
    DEFENDANT

### Motion for New Trial Pursuant to Fed. R. Crim. P. 33(b)(1)

Comes the Defendant, Keith B. Hunter ("Hunter") *pro se* and moves this Honorable Court for a new trial pursuant to Fed. R. Crim. Proc. 33(b)(1) with newly discovered evidence.

I.    Jurisdiction and Venue

    a. Jurisdiction

        Fed. R. Crim. P. 33(b)(1) authorizes the grant of a new trial for newly discovered evidence if the motion is filed within three years after the verdict or finding of guilt. Fed. R. Crim. P. 33(b)(1). The within motion is timely as Hunter was found guilty and his date of sentence was October 18, 2022. This Court has standing to rule on this motion.

    b. Jurisdiction While Appeal is Pending

        This Court has jurisdiction as this motion is brought within three years and is based upon newly discovered evidence.

    c. Venue

        Venue is proper as the within matter was tried in the United States District Court for the Western District of Kentucky at Louisville.

II.  Newly Discovered Evidence

A.  Kentucky Bar Association's Response to the Government's Subpoena

On or about April 1, 2022, the government issued a subpoena to John D. Meyers, Executive Director, Kentucky Bar Association. Amanda Gregory, Assistant United States Attorney, issued the subpoena. Christopher Roby, IRS Special Agent, coordinated the collection of information sought in the subpoena and was the contact person for the government. Both were in the courtroom during the entire trial.

The Kentucky Bar Association ("KBA") licenses, monitors, and regulates lawyers practicing law in the Commonwealth of Kentucky. This includes lawyer conduct in the collection, retention, and distribution of client funds as related to client/IOLTA escrow accounts. The aforementioned government subpoena specifically sought all of Hunter's records relating to IOLTA accounts, agreements, CLE certifications, training logs and correspondence regarding IOLTA accounts. See Exhibit 1, Movant's Motion to Authorize Release of IOLTA Records, attached, at page 7. In short, the subpoena requested everything related to any IOLTA account associated with Hunter from 2010 to April 2022.

The basis for the subpoenaed information is obvious. Hunter was charged with willfully attempting to defeat the payment of federal taxes by allegedly storing his personal funds in a client escrow account. See Superseding Indictment October 17, 2022. The government devoted a significant portion of its case trying to prove that Hunter's business escrow account was a client escrow/IOLTA account. The government either failed to understand or obfuscated the critical difference between a client escrow account and a general/business escrow account.

On or about May 26, 2022 the KBA forwarded its response to the government. It was at this time that the government realized that Hunter did not have a client/IOLTA escrow account. Consequently, the alleged affirmative act related to this account was unsustainable regardless of the government's false representations. The government's indictment related to this alleged affirmative act was fatally defective. Yet, the government moved forward and chose to deceive this Court and jury by falsely continuing to characterize Hunter's account as a client escrow account instead of a general escrow account. The record is void of any evidence that client funds were in Hunter's account.

The trial in this matter started June 13, 2022. Hunter was not sent a copy of KBA's response before trial. John D. Meyers, KBA Executive Director, was not called as a witness nor was he required to produce the subpoenaed documents at trial. The government chose to ignore the disclosed truth that Hunter did not have a client/IOLTA escrow account and instead lied to the Court and the jury that Hunter's account was a client escrow account.

On or about July 2022, while preparing a post trial pleading for this Court, Hunter contacted the KBA to see if they responded to the subpoena. The KBA subsequently provided a copy of its response to Hunter. In its response, the KBA fully addressed all of the government's questions. The KBA informed the government that Hunter did not have an client/IOLTA escrow account. The KBA's response eviscerated the government's claim that Hunter concealed funds in a client escrow account as he did not have one. Hunter's escrow account was a business escrow account and not a client escrow account, known as an IOLTA account in the Commonwealth of Kentucky.

Moreover, Hunter disclosed the existence of his business escrow account in the form 433-A, filed with the government as part of the civil proceedings on or about October 2, 2013, nine years prior to the issuance of the within criminal indictment. The government knew at this time that Hunter's account was not a client escrow account and admitted so in the Pretrial Memorandum. See Government's Pretrial Memorandum, April 13, 2022 at Pg. 4. Nothing about the account indicated that it was a client/IOLTA escrow account. The government's mischaracterization of this account was false, deceptive and intended to mislead the jury and this Court.

The information provided by the KBA was dispositive of the issue of whether Hunter's account was a client escrow account. Clearly, the government's concealment and lies had a prejudicial effect on the jury, as the only question asked by them during deliberation was whether Hunter's account was a client escrow account. The information hidden by the government was material and exculpatory. Here, the government's duty to present all material evidence was not fulfilled and as such constitutes a violation of due process. *Giglio v United States* 405 U.S. 150 (1972). Hunter is entitled to a new trial.

B. The Government's Agreement with Gallavin/Through The Valley Foundation, Inc.

As this Court is aware, Through The Valley Foundation, Inc. ("TTV") is the nonprofit to which Hunter made a $300,000.00 charitable donation in 2011. With these funds, TTV acquired 1420 S. Fourth St. Shortly thereafter, TTV retained Hunter to renovate the property. It is undisputed and Hunter testified that in 2012 he moved into the residence for security purposes, thereby protecting the property and money expended for the renovation. Not long thereafter, it was determined by the IRS that Hunter's donation was disallowed for any tax

reduction. Hunter also testified that his accountant, Osborne, appealed the IRS's decision to disallow any deduction to Hunter whatsoever. As of the trial in this matter the IRS failed and or refused to explain its decision to deny Hunter any tax deduction. Meanwhile, TTV retained ownership of the property and enjoyed the full benefit from the money expended for renovations by Hunter. However, the parties did agree that since Hunter would not receive a tax benefit from his donation that they would "unwind" the transaction so that everyone would be in the same position they were prior to the transfer of funds and property. This changed after the government's agreement with Gallavin/TTV prior to trial.

Hunter was unaware of an agreement between the government and Gallavin/TTV wherein the government would approve Hunter's contribution to TTV, thereby allowing TTV to retain all funds Hunter donated and 1420 S. Fourth St. In late June 2022, not long after the trial of this matter, Hunter and Gallavin met to discuss the property. Gallavin informed Hunter that the government indicated that TTV could retain 1420 S. 4th Street and all proceeds from the sale of the same. In so doing, Gallavin and TTV will reap a nearly $700,000 windfall. The government's position at trial was deceptive and contrary to its conduct toward Gallavin, TTV, and its directors. Gallavin and TTV were promised a huge windfall for his testimony before the grand jury and at trial. TTV has initiated proceedings to collect on its deal.

In October 2023, TTV filed a Writ of Forcible Detainer against Hunter seeking to evict him from 1420 S. 4th Street. *See* Exhibit 2, attached. On several occasions prior to this date Hunter had requested an accounting from TTV to determine the extent of funds Hunter had in the project so as to initiate the unwinding of the transaction as agreed to when the IRS determined that Hunter would not receive any tax benefits whatsoever. TTV had previously

agreed to return all money advanced and property to resolve the tax issues created by the donation to TTV. This would be an equitable resolution to the legal issues between Hunter and TTV.

The government spent considerable time through CR 404(b) evidence in attempting to discredit the donation by Hunter to TTV as a sham. On numerous occasions the government referred to Gallavin as Hunter's friend. He was, in fact, TTV's Executive Director. The government never called Gallavin as a witness. The government vehemently argued that Hunter owned 1420 S. 4th Street even though neither Gallavin nor any of its directors were indicted as coconspirators in this alleged sham transaction. The government failed to show that Hunter conspired with anyone to evade the payment of income taxes.

TTV was emboldened after the trial and agreement and filed an eviction proceeding to remove Hunter from the property the government alleged he owned. The eviction hearing was held on November 20, 2023 in Hunter's absence as he was still incarcerated. The eviction court refused to continue the matter over Hunter's objection. Gallavin attended the hearing and testified on behalf of TTV. Gallavin's testimony was quite revealing as to his arrangement with the government. He testified on cross-examination by Hunter's counsel, Christophe G. Stewart, as follows:

> Stewart: Does Keith Hunter have a financial interest in 1420 S. 4th Street?
> Gallavin: No.
> Stewart: If you sold the property (1420 S. 4th Street) today, would Keith receive any of the proceeds?
> Gallavin: No.

This testimony is strikingly different from the position taken by the government at trial. The government, on direct examination of its key witness, IRS Special Agent James Taylor ("Taylor"), falsely attempted to show that Hunter owned 1420 S. 4th Street. The government was acutely aware the TTV acquired title to the property in October 2011. Taylor testified as follows:

> Q: After the house was purchased from CUB, who paid for the repairs?
> A: Keith Hunter
> Q: Did you find anything else from the investigation that seemed to indicate that the defendant was the true owner of 1420 S. 4th Street?
> A: We found significant renovations were made at the property and paid by Keith Hunter.

In fact, in closing her the prosecutor informed the jury that no one ("Hunter") puts that much into a property unless they own it. Closing Argument, Amanda Gregory, June 15, 2022. The government told Gallivan the exact opposite of what was represented to the jury. The government's arrangement with Gallivan should have been disclosed and the deliberate presentation of false evidence, that Hunter was the owner of 1420 S. 4th Street, is incompatible with the rudimentary demands of justice. *Giglio* at 153. The issue of who owned the 1420 S. 4th Street property was integral and certainly affected the judgment of the jury. The government knew Hunter did not own the property and should have disclosed this to the jury. Another trial is required if false testimony could in any reasonable likelihood have affected the

7

judgment of the jury. *Id.* at 154. As a result of this testimony the jury was left with the false impression that Hunter, Gallivan and TTV conspired to allow Hunter to conceal ownership of the property through a nominee purchaser. Clearly this was not the case. Hunter is entitled to a new trial due to this newly found evidence.

## CONCLUSION

For the above reasons Keith B. Hunter should be granted a new trial. Hunter requests that this Court grant a date for an evidentiary hearing to allow the parties to be heard on the issues raised herein.

Respectfully submitted,

*Keith B. Hunter*
KEITH B. HUNTER
1420 S. Fourth St.
Louisville, KY 40223
(502) 387-5228
keithbhunter@hotmail.com
*Pro Se*

**CERTIFICATE OF SERVICE**

    I certify that, on February 7, 2024, I filed this document with the clerk of the court, hand delivered which will be forwarded by electronic filing to the following:

Acting United States Attorney Michael Bennett

AUSA Amanda Gregory

                              */s/ Keith B. Hunter*

                              Keith B. Hunter